NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0051n.06

No. 07-2015

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

AL AKINS,

      Petitioner-Appellant,

      v.

MILLICENT WARREN, Warden,

      Respondent-Appellee.

On Appeal from the United
States District Court for the
Eastern District of Michigan

Before:  BATCHELDER, Chief Judge; GIBBONS, Circuit Judge; MALONEY, District Judge.*

      PAUL MALONEY, Chief District Judge.

      Al Akins appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of

habeas corpus.  Upon examination of the record and briefs, this panel unanimously agrees that oral

argument is not necessary.  FED. R. APP. P. 34(a).  For the reasons provided below, we **AFFIRM** the

judgment of the district court.

      Akins was charged with shooting Vito Davis on February 19, 2001, during an attempted

robbery.  After his arrest, Akins admitted to the police that he acted as a lookout for the robbery, but

insisted that Osiris Cuesta was the person who shot Mr. Davis.[1]  Akins and co-defendant Jamario

Mitchell were tried jointly, with separate juries.  Cuesta, also charged with participating in the

---

*The Honorable Paul L. Maloney, Chief United States District Judge, United States District
Court for the Western District of Michigan, sitting by designation.

[1]The voluntariness of this statement was raised as an issue in the state court of appeals and
in the district court.  Whether this statement was voluntary is not an issue before this court.

robbery, accepted a plea bargain and agreed to testify at the trial. At the trial, Cuesta identified Akins as the shooter.

A jury convicted Akins of first-degree felony murder and assault with intent to rob while armed. On direct appeal, the Michigan Court of Appeals vacated Akins's conviction and sentence for assault with intent to rob while armed as violative of double-jeopardy protections, and affirmed the felony murder conviction and attendant sentence of mandatory life imprisonment. *See People v. Akins*, 675 N.W.2d 863, 869 n. 3 (Mich. Ct. App. 2003). The Michigan Court of Appeals also rejected, *inter alia*, Akins's claims (1) that improper testimony regarding unspecified independent evidence that Akins shot the victim was admitted at trial, and (2) that the prosecutor improperly presented the independent evidence testimony and made improper arguments in closing. *See id.* at 875-77. The Michigan Supreme Court denied Akins leave to appeal. *See People v. Akins*, 682 N.W.2d 87 (Mich. 2004).

Akins filed a petition for habeas corpus in the United States District Court for the Eastern District of Michigan, asserting six grounds for relief and including the two claims raised in the Michigan Court of Appeals regarding the entrance and discussion of independent evidence. *Akins v. Warren*, No. 2:05-cv-73540, 2007 WL 20077864, at *6-9 (E.D. Mich. July 16, 2007). The district court dismissed Akins's petition in its entirety and denied a certificate of appealability on all claims. *Id.* at *11. Akins timely appealed to this court, which granted a certificate of appealability with respect to his claims that improper evidence was presented at trial in violation of this Confrontation Clause rights and that prosecutorial misconduct in relation to that evidence violated his rights under the Due Process Clause. *Akins v. Warren*, No. 07-2015 (6th Cir. July 1, 2008).

## STANDARD OF REVIEW

This court reviews *de novo* a district court's decision to deny a petition for writ of habeas corpus. *Mendoza v. Berghuis*, 544 F.3d 650, 652 (6th Cir. 2008), *cert. denied*, 129 S.Ct. 1996 (2009). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides guidelines for granting a petition for writ of habeas corpus for state prisoners where the state court adjudicated the constitutional claim on the merits. *Mendoza*, 544 F.3d at 652. The AEDPA states

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Clearly established Federal law" refers to the governing legal principles and standards set forth by the United States Supreme Court at the time the state court renders its decision. *Hereford v. Warren*, 536 F.3d 523, 528 (6th Cir. 2008); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000) ("That statutory phrase refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."). A federal habeas court must presume the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1).

The "contrary to" and "unreasonable application" clauses have independent meaning. *Mendoza*, 544 F.3d at 652 (citing *Williams*, 529 U.S. at 404). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the

Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13.

A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal court reviewing a petition for habeas relief from a prisoner convicted by a state court may not find the state court decision unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. In order to grant the requested relief, the habeas court must find "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

**ANALYSIS**

A. Admission of Unspecified, Independent Evidence

The district court correctly found that Akins was not entitled to habeas relief even though the state trial court admitted testimony that independent evidence of his guilt existed. At trial, the prosecutor asked one of the investigating officers whether the officer had evidence, independent of Cuesta's testimony, that Akins was the shooter. After an objection to the question was overruled, the officer answered affirmatively, without any further explanation or detail.[2] Neither the prosecutor

---

[2]The record reveals the following exchange after the objection was overruled:

| | |
|---|---|
| Prosecutor: | Independent of Mr. Cuesta's allegation that Mr. Akins was the shooter, independent of that, do you have evidence that Mr. Akins was the shooter? |
| Officer: | Yes. |
| Prosecutor: | Thank you. I have no further questions. |

(Trial Tr. 7, Dec. 10, 2001; R. 898.)

nor counsel for either defendant asked the officer any additional questions. After the case was submitted to the jury, the prosecutor admitted the evidence referred to by the officer was the statement Mitchell, Akins's co-defendant, gave to the police. The jury, however, was never made aware of that information.

Akins contends the officer's testimony violated his Sixth Amendment right to confrontation. The Michigan Court of Appeals concluded the trial court abused its discretion by admitting the officer's testimony, but found no violation of the Confrontation Clause because the evidence was not testimonial and the jury never heard the substance of the evidence. The district court assumed that admission of the evidence constituted a violation of the Confrontation Clause, but found the error harmless.

The Confrontation Clause provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. This right applies to prosecutions in both federal and state courts. *Crawford v. Washington*, 541 U.S. 36, 42 (2004). A defendant's admissions, implicating his or her co-defendants, cannot be introduced at a joint trial unless the confessing defendant takes the stand. *Bruton v. United* States, 391 U.S. 123, 135-36 (1968); *see Lilly v. Virginia*, 527 U.S. 116, 127-29 (1999); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987); *Cruz v. New York*, 481 U.S. 186, 189-90 (1987). The Confrontation Clause does not apply only to in-court testimony. *Crawford*, 541 U.S. at 50-51. The clause applies to testimonial statements, including "[s]tatements taken by police officers in the course of interrogations." *Id.* at 52. In order to admit a testimonial statement, the prosecution must show the declarant is unavailable

and the defendant had a prior opportunity for cross-examination.[3]  *Id.* at 68.  As a threshold determination, the court must determine whether the statements to the police are "testimonial" in nature.  *United States v. Cromer*, 389 F.3d 662, 672 (6th Cir. 2004).  "The proper inquiry, then, is whether the declarant intends to bear testimony against the accused.  That intent, in turn, may be determined by querying whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime."  *Id.* at 675.

Because the extent of the officer's testimony was the simple affirmation "yes," no *Crawford* or *Bruton* error occurred.[4]  No *Bruton* error occurred because Mitchell's admissions were not introduced into evidence at trial.  The testifying officer did not describe Mitchell's statement, did not identify the nature of the evidence, and did not hint at the source of the evidence.  The question the officer answered contained no information about the nature and source of the evidence.  All the officer testified to was the existence of some independent evidence.  For the same reasons, no *Crawford* error occurred.  The evidence presented at trial was not testimonial.  The only evidence

---

[3]In *Crawford*, the Court overruled *Ohio v. Roberts*, 448 U.S. 56, 68-70 (1980), which allowed testimonial statements to be admitted, so long as the prosecution established the declarant was unavailable and the statement bore sufficient indicia of reliability.  The *Crawford* opinion was issued in March 2004, about three months before the Michigan Supreme Court denied Akins's leave to appeal.  This holding in *Crawford* constitutes a new rule.  *Whorton v. Bockting*, 549 U.S. 406, 416-17 (2007).  Because direct review of Akins's case was pending when *Crawford* was issued, this new rule in *Crawford* applies.  *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[4]Although no constitutional error occurred, the officer's statement should not have been admitted.  On appeal, the prosecution conceded that Mitchell's statement was inadmissible against Akins.  *See Akins*, 675 N.W.2d at 876.  With that concession, the Michigan Court of Appeals correctly held the officer's claim of the existence of independent evidence lacked any foundation and the trial court's admission of the officer's testimony was an abuse of discretion.  *Id.*

presented at trial was an assertion that there existed some unspecified, independent evidence of

Akins's guilt. The jury was never informed about the nature or source of that independent evidence.

The investigating officer testified only to the existence of some other evidence, without ever

referencing Mitchell's statement as the source of that evidence. The declarant in this situation was

the testifying officer, not Mitchell.

Accordingly, the judgment of the state court was neither contrary to law nor an unreasonable

application of clearly established federal law.

B. Prosecutorial Misconduct

The district court correctly found that Akins was not entitled to habeas relief even though the

prosecutor's remarks were improper. On two occasions during closing argument, the prosecutor

referenced the officer's testimony that he was aware of independent evidence that Akins was the

shooter. In the time set aside for rebuttal, the prosecutor again addressed the existence of the

independent evidence.

> And you know what, if [defense counsel] wanted to know what that independent
> evidence is, he didn't ask [the officer]. He sat there and didn't ask the question. He
> said I have no questions, I have no questions. You know why, because he knew what
> the answer would be. And that would have drove a strike into the heart of the
> defendant. He didn't do it because he knew, I knew what the answer would be. I
> couldn't ask him but he could and he didn't.
>     Now he wants to say where is the independent evidence. What I can tell you,
> there is independent evidence. He didn't want you to know what it is.

(Trial Tr. 71, Dec. 10, 2001; R. 962.) As part of the jury instructions, the trial court advised the jury

to disregard the prosecutor's remarks during closing arguments about the existence of the

independent evidence because "the defense was under no obligation to ask any questions of [the

7

investigating officer] about any independent evidence. Consider only the evidence that was admitted during this trial." (Trial Tr. 79; R. 970.)

Akins contends the prosecutor acted improperly when he (1) elicited the statement about the independent evidence from the investigating officer, (2) appealed to the sympathy of the jury,[5] and (3) asserted the existence of the independent evidence established the case against him. Akins insists the evidence against him is not overwhelming. The Michigan Court of Appeals rejected Akins's claim, finding the prosecutor's remarks were improper, but holding that any prejudice was alleviated by the curative instructions given to the jury. The district court also rejected Akins's claim, concluding the prosecutor's remarks were isolated and the evidence against him was strong. The district court also found the curative instructions undermined any harmful impact the improper remarks may have had on the jury.

On a habeas review, this court reviews claims for prosecutorial misconduct deferentially. *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006), *cert. denied*, 549 U.S. 1264 (2007); *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003); *see also Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) ("[T]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974))). When reviewing allegations of prosecutorial misconduct as part of a habeas

---

[5]During closing arguments, the prosecutor told the jury the victim's parents no longer had a son. Both the state appellate court and the district court concluded the statement was not overly inflammatory.

petition, "[t]he correct inquiry is whether the improper comments or actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Slagle*, 457 F.3d at 515 (quoting *Darden*, 477 U.S. at 181 (citing *Donnelly*, 416 U.S. at 643)). "Even if the prosecution's conduct was improper or even 'universally condemned,' this court can only reverse if the statements were so flagrant as to render the entire trial fundamentally unfair." *Gillard*, 445 F.3d at 897 (citations omitted).

To determine whether the prosecutor's alleged misconduct rendered Akins's trial unfair, this court first must determine whether the conduct or remarks were improper. *Slagle*, 457 F.3d at 515-16 (citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)). If the prosecutor's actions were improper, this court then considers four factors to determine whether the acts were sufficiently flagrant to require reversal: (1) the likelihood that the remarks would mislead the jury or prejudice the accused, (2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally presented to the jury, and (4) whether the other evidence against the defendant was substantial. *Gillard*, 445 F.3d at 897 (quoting *Bowling*, 344 F.3d at 512-13); *see also Slagle*, 457 F.3d at 515 (citing *Carter*, 236 F.3d at 783).

The prosecutor's remarks were improper. The prosecutor should not have elicited the statement about the existence of independent evidence from the investigating officer. Because the evidence itself was inadmissible, the officer's statement that such evidence existed should not have been admitted. During closing argument, the prosecutor should neither have referenced the officer's statement nor speculated as to why defense counsel opted not to inquire about the independent evidence.

9

Even though the prosecutor's closing remarks were improper, Akins is not entitled to reversal of his conviction. The only factor weighing in Akins's favor is that the prosecutor's statements were deliberate. The other three factors weigh against reversal. The evidence against Akins is substantial. The prosecutor's remarks were isolated rather than extensive. The trial lasted three days, with multiple witnesses presented on all but the final day of the trial. The improper remarks were made during closing and were followed soon thereafter by the court's curative instruction. The evidence against Akins, in combination with the curative instruction, sufficiently overwhelmed any potential prejudice from the improper comments. On this issue, Akins has not established that the judgment of the Michigan Court of Appeals was either contrary to or an unreasonable application of clearly established federal law.

## CONCLUSION

For the reasons set out above, we **AFFIRM** the judgment of the district court.